IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| BARNEY J. YOUNG, On Behalf of Himself and All Others Similarly Situated, § § § | |
| Plaintiff, § | CIVIL ACTION NO. CIV-18-411-SLP |
| V. § | JURY TRIAL DEMANDED |
| BIG CHIEF PLANT SERVICES LLC, § | COLLECTIVE ACTION |
| Defendant. § § § | |

### PLAINTIFF'S ORIGINAL COMPLAINT

Plaintiff, BARNEY J. YOUNG, ("Young" or "Plaintiff") on behalf of himself and all others similarly situated, file this Complaint against BIG CHIEF PLANT SERVICES LLC ("Big Chief" or "Defendant"), showing in support as follows:

### I.    NATURE OF THE CASE

1. This is a civil action brought by Plaintiff pursuant to the federal Fair Labor Standards Act, 29 U.S.C. §§ 201-219, and the federal Portal-to-Portal Pay Act, 29 U.S.C. §§ 251-262, (collectively "FLSA") for Defendant's misclassification of Plaintiff as an independent contractor and for failure to pay Plaintiff time and one-half his respective regular rate of pay for all hours worked over 40 during each seven day workweek.

2. Plaintiff files this lawsuit on behalf of himself and as a FLSA collective action on behalf of all other similarly situated current and/or former employees of Defendant who work(ed) as welders, who are/were paid an hourly rate of pay, who are/were misclassified as independent contractors under the FLSA, and who are/were not paid time and one-half their respective regular rates of pay for all hours worked over 40 in each seven day workweek in the time period of three years preceding the date this lawsuit was filed.

*Plaintiff's Original Complaint – Page* 1

3. Plaintiff and the collective action members seek all damages available under the FLSA, including back wages, liquidated damages, legal fees, costs and post-judgment interest.

## II. THE PARTIES, JURISDICTION, AND VENUE

### A. Plaintiff Barney J. Young

4. Young is a natural person who resides in McCurtain County, Oklahoma. He has standing to file this lawsuit.

5. At all times relevant, Young worked exclusively for Big Chief as a welder performing duties which involved the fusing of materials in connection with Defendant's fabrication of structures for the oil and gas industry.

6. Young worked for Defendant from approximately December 2014 to September 2017 in and around Western Oklahoma.

7. Young was paid an hourly rate by Defendant.

8. Young was issued 1099s by Defendant in connection with his work.

9. Young was not paid any corresponding overtime premium compensation for his overtime hours worked.

10. By filing this lawsuit and complaint, Young consents to be a party plaintiff to this FLSA action pursuant to 29 U.S.C. § 216(b). Attached as Exhibit A is Young's Consent to Join.

### C. Collective Action Members

11. Plaintiff incorporates the preceding paragraphs by reference as if set forth fully in this section.

12. There exists many other workers performing the same or substantially similar job duties as Plaintiff who also are/were misclassified by Defendant as so-called independent contractors in connection with Defendant's fabrication and modifications of structures in the oil

and gas industry (i.e. plants, processing stations, pipelines, etc.). Like Plaintiff, those similarly situated workers performed the job of welders. Welders tasks included the fabrication and fusing together of different materials using tools such as beveling machines, cutting torches and a welding machine

13. As a result of the independent contractor misclassification Plaintiff and other misclassified independent contractors do not/did not enjoy and receive the benefits of employment, such as overtime wages, health insurance benefits and retirement benefits.

14. The Putative Collective Action members are all current and/or former misclassified independent contractors similarly situated to Plaintiffs who: (a) worked exclusively for Big Chief performing the job of welders; (b) are/were paid on an hourly basis; (c) and are/were not paid time and one-half their respective regular rates of pay for all hours worked over 40 during each corresponding workweek.

15. All of the Putative Collective Action members are all similarly situated within the meaning of Section 216(b) of the FLSA.

16. Where, as here, the employer's actions or policies were effectuated on a companywide basis, notice may be sent to all similarly situated persons on a companywide basis.

17. The relevant time period for the claims of the putative collective action members is three years preceding the date this lawsuit was filed and forward.

18. Plaintiff reserve the right to redefine the class, request more than one class, and/or request sub-classes relative to any motion for conditional certification filed in this lawsuit.

**D.   Defendant Big Chief Plant Services LLC.**

19. Defendant is a limited liability company organized under the laws of the State of Oklahoma.

20. During all times relevant to this lawsuit, Defendant has done business in the State of Oklahoma.

21. During all times relevant to this lawsuit, Defendant employed and continues to employ welders in the State of Oklahoma.

22. Defendant's principal place of business is, and at all times relevant, has been, 3520 Big Elk Drive, Elk City, Oklahoma 73644.

23. At all times relevant to this lawsuit, Defendant is and has been an "enterprise engaged in commerce" as defined by the FLSA.

24. At all times relevant to this lawsuit, Defendant employed, and continues to employ, two or more employees.

25. At all times relevant to this lawsuit, Defendant employed two or more employees who engaged in commerce. For example, Defendant has, at all times relevant to this lawsuit, had two or more employees engaged in the fabrication or modification of compressor stations and pipelines for the oil and gas industry.

26. At all times relevant to this lawsuit, Defendant employed two or more employees who regularly handled and/or worked on goods and/or materials in their daily work that were moved in and/or produced for commerce by other people. Examples of such goods and/or materials include computers, computer related equipment, communication devices, safety equipment, rods, and grinders used in connection with the fabrication and modification of structures for the oil and gas industry.

27. On information and belief, at all times relevant to this lawsuit, Defendant has had annual gross sales or business volume in excess of $500,000.

28. Defendant's status with the Oklahoma Secretary of State is currently inactive.

29. Defendant may be served with summons through its registered agent in accordance with Oklahoma Secretary of State, T Scott Spradling at 1601 NW Expressway, Suite 1750, Oklahoma City, OK 73118.

**E.     Jurisdiction and Venue**

30. Plaintiff incorporates the preceding paragraphs by reference as if set forth fully in this section.

31. The Court has personal jurisdiction over Defendant based on both general and specific jurisdiction.

32. During all times relevant to this lawsuit, Defendant has done business in the State of Oklahoma and continues to do business in the State of Oklahoma.

33. The Court has subject matter jurisdiction over this case based on federal question jurisdiction, 28 U.S.C. § 1331, because Plaintiff bases his claims on federal law, namely the FLSA.

34. Venue is proper in the United States District Court for the Western District of Oklahoma because a substantial part of the events giving rise to the claims in this lawsuit occurred in this District. As previously identified, Defendant maintains its principal place of business within this District and conducts substantial business operations in this District that involved Plaintiff and numerous Putative Collective Action Members.

### III.     FACTUAL BACKGROUND

35. Plaintiff incorporates the preceding paragraphs by reference as if set forth fully in this section.

36. Defendant provides services in the oil and gas industry that include fabrication and modifications of cryogenic processing plants, compressor facilities, and pipelines.

37. Defendant has significant business operations in Oklahoma and advertises to offer services nationwide.

38. Defendant paid Plaintiff as an independent contractor, at all times relevant.

39. Plaintiff was issued a 1099 as opposed to a W-2 relative to his work for Defendant.

40. Plaintiff was paid an hourly rate.

41. Although, Plaintiff routinely worked over 40 hours per workweek, and does not meet any FLSA exemption, he was never paid time and one-half his respective regular rate of pay for all hours worked over 40 in a workweek.

42. Also, upon information and belief, Defendant made no deductions from Plaintiff's respective paycheck for FICA and state unemployment taxes.

43. In addition to not being paid overtime premium compensation for overtime hours worked, Plaintiff was not paid/provided benefits enjoyed by workers classified as employees by Defendant. Such benefits include, upon information and belief, health benefits, disability benefits, and retirement benefits.

44. Plaintiff worked exclusively for Defendant from approximately December 2014 to September 2017.

45. Plaintiff worked for Defendant as a welder in and around Oklahoma. His job duties included the fabrication and fusing together of different materials. He was responsible for using tools to weld together different materials. He used daily tools such as beveling machines, cutting torches and a welding machine.

46. Defendant set the work schedule and work assignments for Plaintiff.

47. Plaintiff was expected and required to work full time for Defendant.

48. Plaintiff reported to various job sites based on Defendant's instructions.

49. Plaintiff received work assignments from Defendant.

50. Plaintiff was instructed by Defendant in the manner in which to do his job.

51. Plaintiff was not permitted to hire employees to assist him in doing his work for Defendant.

52. Plaintiff did not hire employees to assist him in doing his work for Defendant.

53. Defendant provided Plaintiff with the major supplies and equipment needed to perform his job duties. Examples include tools and supplies needed to perform his welding duties such as the consumables required at each job location.

54. Plaintiff did not exercise sufficient, if any, control over a meaningful part of the business so as to respectively be a separate economic entity from Defendant.

55. Plaintiff was simply a part of Defendant's workforce performing job duties and work that were an integral part of Defendant's business operations.

56. Plaintiff did not provide material investment in Defendant's business operations.

57. Defendant's investment in its business operations exceeds the investments, if any, of Plaintiff in connection with his respective work for Defendant.

58. All major components open to initiative, such as advertising, pricing, and business decision making, were controlled by Defendant, not Plaintiff.

59. Defendant paid Plaintiff as a so-called independent contractor. However, the economic reality under the FLSA is that Defendant is/was an employer at all material times.

60. Defendant had and/or has a company-wide practice of not paying Plaintiff, and those similarly situated to Plaintiff, time and one half for all hours worked in excess of 40 hours in a given workweek.

61. Defendant is and was required to pay Plaintiff and the Putative Collective Action members overtime wage premium compensation when they respectively work/worked in excess of 40 hours in a seven day workweek pursuant to 29 U.S.C. § 207(a)(1).

### IV. CONTROLLING LEGAL RULES

62. The FLSA states that "no employer shall employ any of his employees who in any workweek is engaged in commerce or in the production of goods for commerce, or is employed in an enterprise engaged in commerce or in the production of goods for commerce, for a workweek longer than forty hours unless such employee receives compensation for his employment in excess of the hours above specified at a rate not less than one and one-half times the regular rate at which he is employed." 29 U.S.C. § 207(a)(1).

63. "Employ" includes to suffer or permit work. 29 U.S.C. § 203(g).

64. The FLSA defines the "regular rate" as including "all remuneration for employment paid to, or on behalf of, the employee … ." 29 U.S.C. § 207(e).

65. With a few limited exceptions, all remuneration given to an employee must be included in the employee's regular rate calculation. 29 U.S.C. § 207(e); 29 C.F.R. § 778.108; *accord Allen v. Board of Pub. Educ. For Bibb Cty.*, 495 F. 3d 1306, 1311 (11th Cir. 2007); *see also Johnson v. Big Lots Stores, Inc.*, 604 F. Supp. 2d 903, 927 (E.D. La. 2009).

66. Failing to pay the required overtime premium for hours worked over 40 in a workweek is a violation of the FLSA. 29 U.S.C. § 216(b).

67. Federal law requires employers to make and keep accurate and detailed payroll data for non-exempt employees. 29 U.S.C. § 211(c); 29 C.F.R. § 516.2. Amongst other things, the regulations require employers to make and keep payroll records showing data such as the employee's name, social security number, occupation, time of day and day of week which the workweek begins, regular hourly rate of pay for any week in which overtime pay is due, hours

worked each workday and total hours worked each workweek, total daily or weekly straight time earnings, total premium pay for overtime hours, total wages paid each pay period and date of payment and pay period covered by the payment, and records of remedial payments. 29 C.F.R. § 516.2(a)&(b). Employers are required to maintain the foregoing data for a minimum of three years. 29 C.F.R. § 516.5.

## V. FLSA CLAIMS

68. Plaintiff incorporate the preceding paragraphs by reference as if set forth fully in this section.

69. All conditions precedent to this suit, if any, have been fulfilled.

70. At relevant times, Defendant is and/or was an eligible and covered employer under the FLSA. 29 U.S.C. § 203(d).

71. At relevant times, Defendant is and/or has been an enterprise engaged in commerce under the FLSA. 29 U.S.C. § 203(s)(1)(A).

72. Plaintiff and the putative collective action members are and/or were employees of Defendant pursuant to the FLSA. 29 U.S.C. § 203(e).

73. Plaintiff and the putative collective action members are and/or were covered employees under 29 U.S.C. § 207(a)(1).

74. District Courts within the Tenth Circuit consider the following five factors in assessing the economic reality of the working relationship: (1) the degree of control exercised by the alleged employer; (2) the extent of the relative investments of the worker and the alleged employer; (3) the degree to which the worker's opportunity for profit or loss is determined by the alleged employer; (4) the skill and initiative required in performing the job; and (5) the permanency of the relationship. Dole v. Snell, 875 F.2d 802, 804 (10th Cir. 1989). The Tenth Circuit further noted that: "[n]o one of these factors in isolation is dispositive; rather the test is

based on the totality of the circumstances." *Id.* (*citing Rutherford Food Corp. v. McComb,* 331 U.S. 722, 730 (1947).

75. Defendant's violations of the FLSA are and/or were willful within the meaning of 29 U.S.C. § 255(a). At all material times, Defendant is and was aware that Plaintiff and the putative collective action members are not and were not paid time and one-half their respective regular rates of pay for all hours worked over 40 in a seven day workweek. Plaintiff and the putative collective action members specifically plead recovery for the time period of three years preceding the date this lawsuit was filed forward for their FLSA claims.

## VI.   FLSA COLLECTIVE ACTION

76. Plaintiff seeks to represent a collective action under 29 U.S.C. § 216(b) on behalf of themselves and all current and/or former hourly employees of Defendant who: (a) worked exclusively for Big Chief performing the job of welders; (b) are/were paid on an hourly basis; (c) and are/were not paid time and one-half their respective regular rates of pay for all hours worked over 40 during each corresponding workweek.

77. Because Defendant misclassified its hourly paid welders as independent contractors and did not and does not pay all overtime premium compensation for hours worked in excess of 40 hours per workweek, Plaintiff and the putative collective action members are all similarly situated within the meaning of Section 216(b) of the FLSA.

78. The relevant time period for this collective action is three years preceding the date this lawsuit was filed and forward, or such other time period deemed appropriate by the Court.

79. Plaintiff and the putative collective action members are and/or were paid an hourly rate of pay by Defendant.

80. At material times, Plaintiff and the putative collective action members regularly work and/or worked in excess of 40 hours per seven-day workweek as employees of Defendant.

81. Defendant is and/or was required to pay Plaintiff and the putative collective action members time and one-half their respective regular rates of pay for all hours worked over 40 in each relevant seven day workweek. 29 U.S.C. § 207(a)(1).

82. Defendant failed to pay Plaintiff and putative collective action members overtime compensation at one and one-half times their respective regular rates of pay for all hours worked over 40 in each and every seven-day workweek during the time period relevant to this lawsuit.

83. The putative collective action members are and/or were similarly situated to the Plaintiff and to each other under the FLSA. 29 U.S.C. § 216(b).

84. Plaintiff and the putative collective action members seek all damages available for Defendant's failure to timely pay all overtime wages owed.

85. Plaintiff reserve the right to establish sub-classes and/or modify collective action definition in any collective action certification motion or other filing.

## VII.   JURY DEMAND

86. Plaintiff demands a jury trial.

## VIII.   DAMAGES AND PRAYER

87. Plaintiff asks that the Court issue a summons for Defendant to appear and answer, and that Plaintiff and the Collective Action Members be awarded a judgment against Defendant and/or order(s) from the Court for the following:

   a. An order conditionally certifying this case as a FLSA collective action and requiring notice to be issued to all putative collective action members;

   b. All damages allowed by the FLSA, including back overtime wages;

   c. Liquidated damages in an amount equal to back FLSA mandated wages;

      d.     Legal Fees;

      e.     Costs;

      f.     Post-judgment interest; and/or

      g.     All other relief to which Plaintiff and the Collective Action Members are entitled.

April 27, 2018

Respectfully submitted,

By:   Rebecca Currier

s/ Rebecca Currier
Rebecca Currier
W.D. Okla. Bar No. 18-72
TX Bar No. 24074098
rcurrier@baronbudd.com
Baron & Budd, P.C.
3102 Oak Lawn Avenue, Suite 1100
Dallas, Texas  75219
(214) 521-3605 – Telephone
(214) 520-1181 – Facsimile

ATTORNEYS FOR PLAINTIFF