IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| BARNEY J. YOUNG, On Behalf of Himself and All Others Similarly Situated, | § § § | |
| Plaintiff, | § § | |
| V. | § § | CASE NO. CIV-18-411- SLP |
| BIG CHIEF PLANT SERVICES LLC, BRAD MARCUM, and CHAD MARCUM, | § § § | JURY TRIAL DEMANDED |
| Defendants. | § § | COLLECTIVE ACTION and CLASS ACTION |

## PLAINTIFF'S FIRST AMENDED COMPLAINT

Plaintiff, BARNEY J. YOUNG, ("Young" or "Plaintiff") on behalf of himself and all others similarly situated, file this First Amended Complaint against BIG CHIEF PLANT SERVICES LLC ("Big Chief"), BRAD MARCUM, ("B. Marcum"), and CHAD MARCUM ("C. Marcum") (collectively, "Defendants"), showing in support as follows:

### I.    NATURE OF THE CASE

1.    This is a civil action brought by Plaintiff pursuant to the federal Fair Labor Standards Act, 29 U.S.C. §§ 201-219, and the federal Portal-to-Portal Pay Act, 29 U.S.C. §§ 251-262, (collectively "FLSA") for Defendants' misclassification of Plaintiff as an independent contractor and for failure to pay Plaintiff time and one-half his respective regular rate of pay for all hours worked over 40 during each seven day workweek.

2.    Plaintiff files this lawsuit on behalf of himself and as a FLSA collective action on behalf of all other similarly situated current and/or former employees of Defendants who work(ed) as welders, who are/were paid an hourly rate of pay, who

are/were misclassified as independent contractors under the FLSA, and who are/were not paid time and one-half their respective regular rates of pay for all hours worked over 40 in each seven day workweek in the time period of three years preceding the date this lawsuit was filed.

3.    Plaintiff and the collective action members seek all damages available under the FLSA, including back wages, liquidated damages, legal fees, costs and post-judgment interest.

4.    In addition, Plaintiff files this lawsuit pursuant to Oklahoma State Law, 40 Okla. Stat. §§ 165.1-165.11 and Okla. Admin. Code § 380:30-1-7, for Defendants unauthorized deductions from Plaintiff's pay resulting in failure to pay Plaintiff all wages owed. Plaintiff files this lawsuit on behalf of himself and as the representative of the putative class members pursuant to Federal Rules of Civil Procedure 23 ("State Law Class Action").

5.    The State Law Class Action members seek recovery of all wages owed, liquidated damages, attorney's fees, costs, and such other relief as authorized by law.

## II.    THE PARTIES, JURISDICTION, AND VENUE

### A.    Plaintiff Barney J. Young

6.    Young is a natural person who resides in McCurtain County, Oklahoma. He has standing to file this lawsuit.

7.    At all times relevant, Young worked exclusively for Defendants as a welder performing duties which involved the fusing of materials in connection with Defendants' fabrication of structures for the oil and gas industry.

8.      Young worked for Defendants from approximately December 2014 to September 2017 in and around Western Oklahoma.

9.      Young was paid an hourly rate by Defendants.

10.     Young was issued 1099s by Defendants in connection with his work.

11.     Young was not paid any corresponding overtime premium compensation for his overtime hours worked.

12.     Beginning in approximately April of 2016, Young had weekly deductions taken from his pay for which he did not provide written authorization.

13.     By filing this lawsuit and complaint, Young consents to be a party plaintiff to this FLSA action pursuant to 29 U.S.C. § 216(b). Young has filed a Consent to Join in this lawsuit.

C.      **FLSA Collective Action Members**

14.     Plaintiff incorporates the preceding paragraphs by reference as if set forth fully in this section.

15.     There exists many other workers performing the same or substantially similar job duties as Plaintiff who also are/were misclassified by Defendants as so-called independent contractors in connection with Defendants' fabrication and modifications of structures in the oil and gas industry (i.e. plants, processing stations, pipelines, etc.). Like Plaintiff, those similarly situated workers performed the job of welders. Welders tasks included the fabrication and fusing together of different materials using tools such as beveling machines, cutting torches and a welding machine

16.    As a result of the independent contractor misclassification Plaintiff and other misclassified independent contractors do not/did not enjoy and receive the benefits of employment, such as overtime wages, health insurance benefits and retirement benefits.

17.    The Putative Collective Action members are all current and/or former misclassified independent contractors similarly situated to Plaintiff who: (a) worked exclusively for Defendants performing the job of welders; (b) are/were paid on an hourly basis; (c) and are/were not paid time and one-half their respective regular rates of pay for all hours worked over 40 during each corresponding workweek.

18.    All of the Putative Collective Action members are all similarly situated within the meaning of Section 216(b) of the FLSA.

19.    Where, as here, the employers' actions or policies were effectuated on a companywide basis, notice may be sent to all similarly situated persons on a companywide basis.

20.    The relevant time period for the claims of the putative collective action members is three years preceding the date this lawsuit was filed and forward.

21.    Plaintiff reserves the right to redefine the class, request more than one class, and/or request sub-classes relative to any motion for conditional certification filed in this lawsuit.

**D.    State Law Class Action Members**

22.    The State Law Class Action members are similarly situated workers to Young who: (a) worked for Defendants as welders during the relevant time period between April 1, 2016 to present; (b) had deductions taken from their weekly pay checks that were

not pursuant to legislation or a court order mandating such deductions; and (c) did not authorize in writing for such deductions to be taken from their weekly pay checks.

23.    The relevant time period for the claims of the State Law Class Action members is three years preceding the date this lawsuit was filed and forward.

24.    Plaintiff reserves the right to expand, narrow or modify the class definition, including sub-classes relative to any motion for class certification and/or amended complaint.

## E.    Defendant Big Chief Plant Services LLC.

25.    Defendant is a limited liability company organized under the laws of the State of Oklahoma.

26.    During all times relevant to this lawsuit, Defendant has done business in the State of Oklahoma.

27.    During all times relevant to this lawsuit, Defendant employed and continues to employ welders in the State of Oklahoma.

28.    Defendant's principal place of business is, and at all times relevant, has been, 3520 Big Elk Drive, Elk City, Oklahoma 73644.

29.    At all times relevant to this lawsuit, Defendant is and has been an "enterprise engaged in commerce" as defined by the FLSA.

30.    At all times relevant to this lawsuit, Defendant employed, and continues to employ, two or more employees.

31.    At all times relevant to this lawsuit, Defendant employed two or more employees who engaged in commerce.  For example, Defendant has, at all times relevant

to this lawsuit, had two or more employees engaged in the fabrication or modification of compressor stations and pipelines for the oil and gas industry.

32.     At all times relevant to this lawsuit, Defendant employed two or more employees  who regularly handled and/or worked on goods and/or materials in their daily work that were moved in and/or produced for commerce by other people.  Examples of such goods and/or materials include computers, computer related equipment, communication devices, safety equipment, rods, and grinders used in connection with the fabrication and modification of structures for the oil and gas industry.

33.     On information and belief, at all times relevant to this lawsuit, Defendant has had annual gross sales or business volume in excess of $500,000.

34.     Defendant's status with the Oklahoma Secretary of State is currently inactive.

35.     Defendant has filed an Answer in this Lawsuit.

**F.    Brad Marcum**

36.     Brad Marcum is a natural person.

37.     Brad Marcum is the owner, officer and/or manager of Big Chief.

38.     Brad Marcum is a covered "employer" pursuant to the FLSA.

39.     Alternatively, Brad Marcum is a covered "joint employer" pursuant to the FLSA. Upon information and belief, as an owner, officer and/or manager of Big Chief, Brad Marcum is/was active in day-to-day operations of the company and has/had responsibility for Big Chief's compliance with the FLSA with respect to its employees.

40.     Brad Marcum, upon information and belief, has/had the power to hire and fire employees; supervise and/or control the employees' work schedules and/or work conditions of employment; determine the rate or method of pay; and control/maintain employees' records.

41.     Brad Marcum may be served with summons at 415 N. State Ave., Elk City, Oklahoma, 73644.

**G.     Chad Marcum**

42.     Chad Marcum is a natural person.

43.     Chad Marcum is the owner, officer and/or manager of Big Chief.

44.     Chad Marcum is a covered "employer" pursuant to the FLSA.

45.     Alternatively, Chad Marcum is a covered "joint employer" pursuant to the FLSA. Upon information and belief, as an owner, officer and/or manager of Big Chief, Brad Marcum is/was active in day-to-day operations of the company and has/had responsibility for Big Chief's compliance with the FLSA with respect to its employees.

46.     Chad Marcum, upon information and belief, has/had the power to hire and fire employees; supervise and/or control the employees' work schedules and/or work conditions of employment; determine the rate or method of pay; and control/maintain employees' records.

47.     Chad Marcum may be served with summons at 128 Calhoon Street, Elk City, Oklahoma, 73644.

**H.     Jurisdiction and Venue**

48.     Plaintiff incorporates the preceding paragraphs by reference as if set forth fully in this section.

49.     The Court has personal jurisdiction over Defendants based on both general and specific jurisdiction.

50.     During all times relevant to this lawsuit, Defendants have done business in the State of Oklahoma and continues to do business in the State of Oklahoma.

51.     The Court has subject matter jurisdiction over this case based on federal question jurisdiction, 28 U.S.C. § 1331, because Plaintiff bases his claims on federal law, namely the FLSA.

52.     Venue is proper in the United States District Court for the Western District of Oklahoma because a substantial part of the events giving rise to the claims in this lawsuit occurred in this District. As previously identified, Defendant Big Chief maintains its principal place of business within this District and conducts substantial business operations in this District that involved Plaintiff and numerous Putative Collective Action Members. In addition B. Marcum and C. Marcum reside in the Western District of Oklahoma.

53.     This Court has supplemental jurisdiction over the State Law Class Action Claim pursuant to 27 U.S.C. § 1367 as the facts relative to the claim form part of the same case or controversy as the FLSA Collective Action Claim.

### III.    FACTUAL BACKGROUND

54.     Plaintiff incorporates the preceding paragraphs by reference as if set forth fully in this section.

55.    Defendants provide services in the oil and gas industry that include fabrication and modifications of cryogenic processing plants, compressor facilities, and pipelines.

56.    Defendants have significant business operations in Oklahoma and advertise to offer services nationwide.

57.    Defendants paid Plaintiff as an independent contractor, at all times relevant.

58.    Plaintiff was issued a 1099 as opposed to a W-2 relative to his work for Defendant.

59.    Plaintiff was paid an hourly rate.

60.    Although, Plaintiff routinely worked over 40 hours per workweek, and does not meet any FLSA exemption, he was never paid time and one-half his respective regular rate of pay for all hours worked over 40 in a workweek.

61.    Also, upon information and belief, Defendants made no deductions from Plaintiff's respective paycheck for FICA and state unemployment taxes.

62.    In addition to not being paid overtime premium compensation for overtime hours worked, Plaintiff was not paid/provided benefits enjoyed by workers classified as employees by Defendant. Such benefits include, upon information and belief, health benefits, disability benefits, and retirement benefits.

63.    Plaintiff worked exclusively for Defendants from approximately December 2014 to September 2017.

64.    Plaintiff worked for Defendants as a welder in and around Oklahoma.  His job duties included the fabrication and fusing together of different materials.  He was

responsible for using tools to weld together different materials.  He used daily tools such as beveling machines, cutting torches and a welding machine.

65.   Defendants set the work schedule and work assignments for Plaintiff.

66.   Plaintiff was expected and required to work full time for Defendants.

67.   Plaintiff reported to various job sites based on Defendants' instructions.

68.   Plaintiff received work assignments from Defendants.

69.   Plaintiff was instructed by Defendants in the manner in which to do his job.

70.   Plaintiff was not permitted to hire employees to assist him in doing his work for Defendants.

71.   Plaintiff did not hire employees to assist him in doing his work for Defendants.

72.   Defendants provided Plaintiff with the major supplies and equipment needed to perform his job duties.  Examples include tools and supplies needed to perform his welding duties such as the consumables required at each job location.

73.   Plaintiff did not exercise sufficient, if any, control over a meaningful part of the business so as to respectively be a separate economic entity from Defendants.

74.   Plaintiff was simply a part of Defendants' workforce performing job duties and work that were an integral part of Defendants' business operations.

75.   Plaintiff did not provide material investment in Defendants' business operations.

76.   Defendants' investment in its business operations exceeds the investments, if any, of Plaintiff in connection with his respective work for Defendants.

77.     All major components open to initiative, such as advertising, pricing, and business decision making, were controlled by Defendants, not Plaintiff.

78.     Defendants paid Plaintiff as a so-called independent contractor.  However, the economic reality under the FLSA is that Defendants are/were an employer at all material times.

79.     Defendants had and/or have a company-wide practice of not paying Plaintiff, and those similarly situated to Plaintiff, time and one half for all hours worked in excess of 40 hours in a given workweek.

80.     Defendants are and were required to pay Plaintiff and the Putative Collective Action members overtime wage premium compensation when they respectively work/worked in excess of 40 hours in a seven day workweek pursuant to 29 U.S.C. § 207(a)(1).

81.     Beginning in approximately April of 2016, Defendants began deducting an amount of approximately $41.00 for each $1000.00 paid to Plaintiff from his weekly pay.

82.     Plaintiff disputed these deductions. Specifically, Plaintiff asked Toney Lowery, his manager, why the amounts were being deducted from Plaintiff's pay. He also advised Tony Lowery that he did not agree with the deducted amounts.

83.     Plaintiff was told by Tony Lowery that Tony Lowery would speak to B. Marcum and C. Marcum regarding the deductions. The only information Tony Lowery provided to Plaintiff was that the amounts were allegedly being deducted from Plaintiff's pay for insurance.

84.     Plaintiff did not sign any document authorizing said deductions.

85.     Upon information and belief, Defendants are still engaging in the practice of deducting these amounts from welders' pay without signed authorization from each welder.

86.     Similar to Plaintiff, as of the filing of this lawsuit, Plaintiff and the State Law Class Action members have not been paid all wages due because of the unauthorized deductions. Plaintiff and the State Law Class Action members work(ed) for Defendants as welders with the expectation that they would be paid for that work. Defendants were aware of the work performed and the expectation of pay to be received for the work.

## IV.    CONTROLLING LEGAL RULES

87.     The FLSA states that "no employer shall employ any of his employees who in any workweek is engaged in commerce or in the production of goods for commerce, or is employed in an enterprise engaged in commerce or in the production of goods for commerce, for a workweek longer than forty hours unless such employee receives compensation for his employment in excess of the hours above specified at a rate not less than one and one-half times the regular rate at which he is employed." 29 U.S.C. § 207(a)(1).

88.     "Employ" includes to suffer or permit work. 29 U.S.C. § 203(g).

89.     The FLSA defines the "regular rate" as including "all remuneration for employment paid to, or on behalf of, the employee ...." 29 U.S.C. § 207(e).

90.     With a few limited exceptions, all remuneration given to an employee must be included in the employee's regular rate calculation. 29 U.S.C. § 207(e); 29 C.F.R. § 778.108; *accord Allen v. Board of Pub. Educ. For Bibb Cty.*, 495 F. 3d 1306, 1311 (11th Cir. 2007); *see*

*also Johnson v. Big Lots Stores, Inc.*, 604 F. Supp. 2d 903, 927 (E.D. La. 2009).

91.     Failing to pay the required overtime premium for hours worked over 40 in a workweek is a violation of the FLSA. 29 U.S.C. § 216(b).

92.     Federal law requires employers to make and keep accurate and detailed payroll data for non-exempt employees. 29 U.S.C. § 211(c); 29 C.F.R. § 516.2. Amongst other things, the regulations require employers to make and keep payroll records showing data such as the employee's name, social security number, occupation, time of day and day of week which the workweek begins, regular hourly rate of pay for any week in which overtime pay is due, hours worked each workday and total hours worked each workweek, total daily or weekly straight time earnings, total premium pay for overtime hours, total wages paid each pay period and date of payment and pay period covered by the payment, and records of remedial payments. 29 C.F.R. § 516.2(a)&(b). Employers are required to maintain the foregoing data for a minimum of three years. 29 C.F.R. § 516.5.

93.     The FLSA recognizes the doctrine of joint employers. "Under the FLSA, multiple persons or entities can be responsible for a single employee's wages as joint employers." *Acosta v. Maranto*, No. CIV-15-1378-D, 2017 WL 41585659, at *2, (W.D. Okla. Sept. 10, 2017) (internal citations and quotations omitted).

94.     Individual owners, officers and managers may be liable, along with corporate employer, for FLSA damages to employees. *See, e.g., id.* (discussing the expensive breadth of the definitions of employer and employee).

95.     "[I]t is the duty of the management to exercise its control and see that the work is not performed if it does not want it to be performed. It cannot sit back and accept

the benefits without compensating for them. The mere promulgation of a rule against such work is not enough. Management has the power to enforce the rule and must make every effort to do so." 29 C.F.R. § 785.13.

96.    Under Oklahoma Law, an employee means "any person permitted to work by an employer". 40 Okla. Stat. §165.1.

97.    Whenever an employee's employment terminates, the employer is to pay the employee's wages in full at the next regular designated payday. 40 Okla. Stat. § 165.3. If an employer fails to pay the wages as required, the employer shall be liable for the amount of unpaid wages plus liquidated damages and the Court may award attorney's fees and costs. *Id*.; 40 Okla. Stat. § 165.9.

98.    Employers are not permitted to deduct monies from an employee's pay unless authorized by legislation or a court order. Okla. Admin. Code § 380:30-1-7. This regulation was enacted to implement the provisions of 40 Okla. Stat. §§ 165.1-165.11. *See Hale v. Spears Wrecker Service*, LLC, No. 10-CV-0532, 2011 WL 1930670, at *7-9 (N.D. Okla. May 19, 2011) (discussing the legislative history and enforcement of the Code pursuant to the Statute); *See also Townsend v. B-G Meridian*, Inc., No. CIV-04-1162-F, 2005 WL 2978899, at * 8 (W.D. Okla. Nov. 7, 2005).

99.    The Oklahoma Administrative Code provides that employers can only make deductions from employees' wages when there is: (1) a written agreement signed by the employee prior to the deduction(s) and (2) the deduction(s) is/are for a reason(s) enumerated in the Regulations. Okla. Admin. Code § 380:30-1-7.

## V.    PLAINTIFF'S CLAIMS

100.    Plaintiff incorporates the preceding paragraphs by reference as if set forth fully in this section.

101.    All conditions precedent to this suit, if any, have been fulfilled.

102.    At relevant times, Defendants are/were eligible and covered employers under the FLSA. 29 U.S.C. § 203(d).

103.    Alternatively, Brad Marcum and Chad Marcum are/were joint employers of Plaintiff and the FLSA putative collective action members and the State Law Class Action Members.

104.    At relevant times, Defendants are/were an enterprise engaged in commerce under the FLSA. 29 U.S.C. § 203(s)(1)(A).

105.    Plaintiff and the putative collective action members are and/or were employees of Defendants pursuant to the FLSA. 29 U.S.C. § 203(e).

106.    Plaintiff and the putative collective action members are and/or were covered employees under 29 U.S.C. § 207(a)(1).

107.    District Courts within the Tenth Circuit consider the following five factors in assessing the economic reality of the working relationship: (1) the degree of control exercised by the alleged employer; (2) the extent of the relative investments of the worker and the alleged employer; (3) the degree to which the worker's opportunity for profit or loss is determined by the alleged employer; (4) the skill and initiative required in performing the job; and (5) the permanency of the relationship. Dole v. Snell, 875 F.2d 802, 804 (10th Cir. 1989). The Tenth Circuit further noted that: "[n]o one of these factors

in isolation is dispositive; rather the test is based on the totality of the circumstances." *Id.* (*citing Rutherford Food Corp. v. McComb,* 331 U.S. 722, 730 (1947).

108.    Defendant's violations of the FLSA are and/or were willful within the meaning of 29 U.S.C. § 255(a). At all material times, Defendants are/were aware that Plaintiff and the putative collective action members are not and were not paid time and one-half their respective regular rates of pay for all hours worked over 40 in a seven day workweek. Plaintiff and the putative collective action members specifically plead recovery for the time period of three years preceding the date this lawsuit was filed forward for their FLSA claims.

109.    Plaintiff and the State Law Class Action members were employees of Defendants under Oklahoma State Law. 40 Okla. Stat. 165.1.

110.    Defendants were employers of Plaintiff and the State Law Class Action members under Oklahoma State Law. 40 Okla. Stat. 165.1.

111.    Defendants' violations of Oklahoma State Law are/were willful. At all material times, Defendants are/were aware that Plaintiff and the State Law Class Action members are/were not paid all wages due.

## VI.    FLSA COLLECTIVE ACTION CLAIM

112.    Plaintiff incorporates the preceding paragraphs by reference as if set forth fully in this section.

113.    Plaintiff seeks to represent a collective action under 29 U.S.C. § 216(b) on behalf of themselves and all current and/or former hourly employees of Defendants who: (a) worked exclusively for Defendants performing the job of welders; (b) are/were paid on

an hourly basis; (c) and are/were not paid time and one-half their respective regular rates of pay for all hours worked over 40 during each corresponding workweek.

114.    Because Defendants misclassified their hourly paid welders as independent contractors and did not and does not pay all overtime premium compensation for hours worked in excess of 40 hours per workweek, Plaintiff and the putative collective action members are all similarly situated within the meaning of Section 216(b) of the FLSA.

115.    The relevant time period for this collective action is three years preceding the date this lawsuit was filed and forward, or such other time period deemed appropriate by the Court.

116.    Plaintiff and the putative collective action members are and/or were paid an hourly rate of pay by Defendants.

117.    At material times, Plaintiff and the putative collective action members regularly work and/or worked in excess of 40 hours per seven-day workweek as employees of Defendants.

118.    Defendants are and/or were required to pay Plaintiff and the putative collective action members time and one-half their respective regular rates of pay for all hours worked over 40 in each relevant seven day workweek. 29 U.S.C. § 207(a)(1).

119.    Defendants failed to pay Plaintiff and putative collective action members overtime compensation at one and one-half times their respective regular rates of pay for all hours worked over 40 in each and every seven-day workweek during the time period relevant to this lawsuit.

120.    The putative collective action members are and/or were similarly situated to the Plaintiff and to each other under the FLSA. 29 U.S.C. § 216(b).

121.    Plaintiff and the putative collective action members seek all damages available for Defendants' failure to timely pay all overtime wages owed.

122.    Plaintiff reserves the right to establish sub-classes and/or modify collective action definition in any collective action certification motion or other filing.

## VII.   STATE LAW CLASS ACTION CLAIM

123.    Plaintiff incorporates the preceding paragraphs by reference as if set forth fully in this section.

124.    As employees under Oklahoma Law, Plaintiff and the State Law Class members seek recovery of all damages owed by Defendants under Oklahoma Statute and the Oklahoma Administrative Code.

125.    Plaintiff brings this State Law Class Action Claim on behalf of himself and the State Law Class Action members. Plaintiff seeks to represent a class initially defined as all welders who: (a) worked for Defendants as welders during the relevant time period between April 1, 2016 to present; (b) had deductions taken from their weekly pay checks that were not pursuant to legislation or a court order mandating such deductions; and (c) did not authorize in writing for such deductions to be taken from their weekly pay checks.

126.    The relevant time period for the claims of the class action members is three years preceding the date this lawsuit was filed and forward, or such other time period deemed appropriate by the Court.

127.   Plaintiff and the State Law Class Action Members claims satisfy the numerosity, commonality, typicality, adequacy and superiority requirements of a class action.

128.   On information and belief, there are over 50 other workers who are and/or were victims of the State Law claim. As such, joinder is impracticable. The precise number of State Law Class Action Members and their addresses are readily determinable from the records of Defendants.

129.   There are common questions of fact and law as to the class that predominate over any questions affecting only individual class members. The questions of law and fact common to the class arising from the State Law claim include, but are not limited to, the following:

a. Whether Plaintiff and the State Law Class Action members are and/or were employees of Defendants under Oklahoma State Law;
b. Whether B. Marcum and C. Marcum were employers of Plaintiff and the State Law Class Action members under Oklahoma State Law;
c. Whether Plaintiff and the State Law Class Action members are entitled to recovery of unpaid wages from Defendants pursuant to their claim; and if so,
d. The appropriate method to calculate the damages owed to Plaintiff and the State Law Class members by Defendants for violations of Oklahoma State Law in connection with their claim.

130.   The questions above predominate over any questions affecting only individual persons, and a class action is superior with respect to considerations of consistency, economy, efficiency, fairness and equity, to other available methods for the fair and efficient adjudications of the State Law Claim.

131.    A class action is the superior method for the fair and efficient adjudication of this controversy. Defendants have acted or refused to act on grounds generally applicable to the class. The presentation of separate actions by individual class members could create a risk of inconsistent and varying adjudications, establish incompatible standards of conduct for Defendants, and/or substantially impair or impede the ability of class members to protect their interests.

132.    Plaintiff is a victim of the State Law Claim and is therefore a member of the State Law Class Action. Plaintiff is committed to pursuing this action and has retained counsel with extensive experience in prosecuting complex wage, employment, and class action litigation. Accordingly, Plaintiff is an adequate representative of the class and has the same interests as all of its members. Furthermore, Plaintiff's claims are typical of the claims of all members of the class, and Plaintiff will fairly and adequately protect the interests of the absent members of the class. Plaintiff and his counsel do not have claims or interests that are adverse to the class members.

133.    Plaintiff reserves the right to establish sub-classes and/or modify class notice language as appropriate in any class action certification motion or other proceeding.

134.    Plaintiff further reserve the right to amend the definition of the putative class, or subclasses therein, if discovery and further investigation reveal that the putative class should be expanded or otherwise modified.

## VIII.  <u>JURY DEMAND</u>

135.    Plaintiff demands a jury trial.

## IX.     <u>DAMAGES AND PRAYER</u>

136.    Plaintiff asks that the Court issue a summons for Defendants to appear and answer, and that Plaintiff, the FLSA Collective Action Member, and the State Law Class Action members be awarded a judgment against Defendants and/or order(s) from the Court for the following:

       a.     An order conditionally certifying this case as a FLSA collective action and requiring notice to be issued to all putative collective action members;

       b.     All damages allowed by the FLSA, including back overtime wages;

       c.     Liquidated damages in an amount equal to back FLSA mandated wages;

       d.     Legal Fees;

       e.     Costs;

       f.     Post-judgment interest;

       g.     Certification of Young's' State Law Claim as a Rule 23 class action naming Young as the class representative and the undersigned as class counsel;

       h.     All available damages for the State Law Claim including pre-and post-judgment interest, liquidated damages, costs, and attorney's fees; and

       g.     All other relief to which Plaintiff and the FLSA Collective Action Members and/or State Law Class Action Members are entitled.

January 10, 2019

[Signature Block Follows]

*Plaintiff's First Amended Complaint – Page* 21

Respectfully submitted,

By:    Rebecca Currier

       s/ Rebecca Currier
       Rebecca Currier
       W.D. Okla. Bar No. 18-72
       TX Bar No. 24074098
       Allen Vaught
       *Admitted Pro Hac Vice*
       TX Bar No. 24004966
       Melinda Arbuckle
       *Admitted Pro Hac Vice*
       TX Bar No. 24080773
       Baron & Budd, P.C.
       3102 Oak Lawn Avenue
       Suite 1100
       Dallas, Texas  75219
       (214) 521-3605 – Telephone
       (214) 520-1181 – Facsimile
       rcurrier@baronbudd.com
       avaught@baronbudd.com
       marbuckl@baronbudd.com

       ATTORNEYS FOR PLAINTIFF